David L. Skelton, Trustee State Bar No. 96250
Rebecca E. Pennington State Bar No. 174488
Richard L. Stevenson State Bar No. 239705
**OFFICE OF THE CHAPTER 13 TRUSTEE**
525 B Street, Suite 1430
San Diego, CA 92101
Telephone (619) 338-4006
Facsimile (619) 239-5242

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>ROSALVA MENDOZA<br><br>Debtor. | ) Case No. 17-06806-LA13<br>)<br>) DATE:  March 7, 2018<br>) TIME:  10:00 AM<br>) DEPT:  2<br>)<br>) TRUSTEE'S OBJECTION TO<br>) CONFIRMATION OF CHAPTER 13 PLAN<br>) DATED 2-1-18 AND MOTION TO<br>) DISMISS PURSUANT TO 11<br>) U.S.C.1307(C)(5)<br>) |
|---|---|

   DAVID L. SKELTON, Chapter 13 Standing Trustee ("Trustee"), hereby objects to confirmation and moves the Court for Denial of Confirmation and an Order of Dismissal.  The bases for the Trustee's objection(s) are:

I.   <u>11 USC § 109(e)</u>

   A.  The debtor owes debts in excess of $394,725 unsecured and/or $1,184,200 secured. See §109(e).

   **1. Debtor is not eligible for Chapter 13 per 11 U.S.C §109(e), in that Debtor's secured debts exceeds $1,184,200. Objecting creditor U.S. Bank asserts Debtor is understating amount of secured lien on Schedule D – it should be $1,071,142.33. That added to the scheduled amounts of $873,046.55 for the Wells Fargo Bank lien and $17,500 for the BBVA Compass Bank lien equals a total of $1,961,688.88.**

## II.  11 USC § 1325 (b)(1)(B) AND/OR 11 USC § 1329(a)

A. The debtor has failed to apply all projected disposable income to the Plan for a period of not less than the applicable commitment period (the "ACP").  See *In Re Danielson v. Flores,* (In re Flores), 2013 U.S. App. LEXIS 18413 (9th Cir. March 2013); See *In Re Braswell,* 2013 Bankr. LEXIS 2630 (Bankr. D. Oregon June 2013); See §1325(b)(1)(B); See §1329(a); See also, *In re Ransom,* 131 S.Court 716; 178 L.Ed 2d 603 (2011); *In re Sounakhene*, 249 B.R. at 805 citing *In re Than,* 215 B.R. 430 (9th Cir. BAP 1997); *In re Sunahara,* 326 B.R. 768 (9th Cir. BAP 2005); *In re Hall,* 442 B.R. 754 (Bankr. D. Idaho 2010); *In re Witkowski,* 16 F.3d 739, 746 (7th Cir. 1994); *In re Powers,* 202 B.R. 618 (9th Cir. BAP 1996).

   **1. The 122C schedule indicates $822,000 ($13,700 x 60, line 45), but the plan states zero to unsecured.**

   **2. Debtor gets Federal tax refunds of $5,000 per year ($416 per month) which are not prorated on Schedule I.**

   **3. Schedule I income is understated by $434 per paystubs provided.**

## III.  11 USC § 1325(a)(4)

A. The debtor is distributing less to the allowed unsecured creditors than they would receive under a Chapter 7 liquidation.  See §1325(a)(4).

   **1. Non-exempt of $65,479.55 based on schedules, but Part 5.2 states zero.**

## IV.  11 USC § 1325 (a)(5)

A. The Plan: (a) has not been accepted by each secured creditors; OR, (b) does not provide Debtor is to surrender collateral to non-consenting lien creditors; OR, (c) fails to provide non-consenting creditors will retain lien against collateral AND the value to be paid each non-consenting lien creditor is less than allowable amount of claim. See §1325(a)(5).

   **1. Secured creditor U.S. Bank has objected.**

/////

/////

### V. 11 USC § 1325(a)(6)

A. The debtor has no ability to make the payments proposed by the Plan. See §1325(a)(6). The debtor has no regular income. See §109(e).

**1. Debtor is not budgeting for maintenance on her two rental properties. Also, Debtor is not accounting for the $12,453.23 arrears claim owed to AJAX Mortgage, as alleged in creditor's objection.**

### VI. 11 USC § 1322 *et. seq.*

A. The Plan is incomprehensible or internally inconsistent and the Trustee cannot administer it in its current format.

**1. 11% for Trustee fees in Part 4.3 is too high. 10% is the limit.**

### VII. 11 USC § 1325(a)(3)

A. The Plan is not proposed in good faith or does not comply with Code provisions. See §1325 (a)(3); *In re Leavitt,* 171 F.3d 1219, 1222-23 (9th Cir. 1993); *In re Lanning,* 403 B.R.47 (Bankr. N.D. CA 2009); *In re Padilla,* 213 B.R. 349, 352 (9th Cir. BAP 1997).

**1. Not all prior filings are disclosed on Petition – 3 priors in the last 8 years (missing case no. 1613907).**

**2. No boxes checked on Schedule H, part 2.**

**3. Provide valuation for vehicles, mortgage statement and valuation for Curlew property, and valuation for Mississippi property.**

WHEREFORE, the Trustee respectfully requests that confirmation of Debtor's plan be denied and the case be dismissed.

Date:  February 26, 2018                                    /s/ Richard L. Stevenson
                                                                              Attorney for Chapter 13 Trustee